IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BELFOR USA GROUP, INC.** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:07CV586-HSO-JMR |
| | § | |
| **IMPERIAL DRYWALL, LLC** | § | **DEFENDANT** |
| | § | |
| | § | |
| **IMPERIAL DRYWALL, LLC** | § | **COUNTER-CLAIMANT** |
| | § | |
| v. | § | |
| | § | |
| **BELFOR USA GROUP, INC.** | § | **COUNTER-DEFENDANT** |

**ORDER AND REASONS DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION TO DISMISS AND GRANTING DEFENDANT'S
MOTION TO AMEND ITS ANSWER AND COUNTERCLAIM**

BEFORE THE COURT are Plaintiff/Counter-Defendant Belfor USA Group, Inc.'s ["Plaintiff"] Motion to Dismiss filed June 21, 2007 [14-1], and Defendant/Counter-Claimant Imperial Drywall, LLC's ["Defendant"] Motion to Amend its Answer and Counterclaim ["Motion to Amend"], filed July 9, 2007 [19-1], in the above-captioned cause. Defendant filed a Response in Opposition to Plaintiff's Motion to Dismiss on July 9, 2007 [17-1], and Plaintiff filed its Rebuttal on July 19, 2007 [22-1]. Plaintiff filed a Response in Opposition to Defendant's Motion to Amend on July 19, 2007 [23-1].

After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion to Dismiss [14-1] should be denied, without prejudice to its right

to reassert the Motion at a later date, and that Defendant's Motion to Amend [19-1] should be granted.

## I. FACTS AND PROCEDURAL HISTORY

This case was filed by Plaintiff on April 27, 2007, and stems from a purported subcontractor agreement involving the restoration of condominiums damaged in Hurricane Katrina. *See* Compl., at ¶ 4. In its Answer [12-1], Defendant also asserted a Counterclaim against Plaintiff alleging, among other things, that Plaintiff slandered Defendant and that Defendant was entitled to consequential damages.

Plaintiff seeks dismissal of Defendant's Counterclaims for slander and consequential damages, pursuant to Federal Rule of Civil Procedure 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (U.S. 2007). *See* Mot. to Dismiss, p. 2. Plaintiff asserts that Defendant "does not provide even a scintilla of factual support for its outrageous slander and consequential damages claims" against it. Mot. to Dismiss, at p. 2. Defendant argues that its Counterclaim adequately provides notice of its claims against Plaintiff pursuant to Federal Rule of Civil Procedure 8(a), but alternatively, seeks leave of Court to amend its Answer and Counterclaim in order to provide a more precise statement, pursuant to Federal Rule of Civil Procedure 15(a). *See* Mot. to Amend, at pp. 1-2.

## II. DISCUSSION

While the Court has discretion to allow amendments, Federal Rule of Civil Procedure 15(a) provides that leave to amend a party's pleading "shall be freely

given when justice so requires." FED. R. CIV. P. 15(a)(2). The Fifth Circuit has articulated five considerations in determining whether to grant a party leave to amend a complaint: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (internal citation omitted)). The Court finds that these factors are applicable to the present Counterclaim.

In this case, the Motion to Amend is the first such motion filed by Defendant, and it was filed before the deadline for amending pleadings and in response to Plaintiff's Motion to Dismiss. There has been some delay in this case due to the withdrawal of Defendant's counsel on October 3, 2007. Because new counsel for Defendant recently entered his appearance, on March 3, 2008, the Court finds that granting the Motion to Amend would not result in any significantly greater delay than what has already occurred, nor is the request to amend otherwise inconsistent with the appropriate standards under Rule 15.

The Court notes that Defendant did not provide the Court with a proposed Amended Answer and Counterclaim; however, from the face of the pleadings, the Court is of the opinion that permitting Defendant to amend its Answer and Counterclaim is appropriate under the circumstances. Therefore, Defendant's Motion to Amend should be granted, and Plaintiff's Motion to Dismiss should be denied, without prejudice to Plaintiff's right to reassert its Motion following the

filing of any amendment.

### III.  CONCLUSION

The Court has considered Plaintiff's Motion to Dismiss and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, Plaintiff's Motion to Dismiss [14-1] must be denied, without prejudice to its right to reassert the Motion after Defendant files its Amended Answer and Counterclaim, if any.  The Court has also considered Defendant's Motion to Amend its Answer and Counterclaim and all relevant legal authorities, pleadings, and submissions, and concludes that  Plaintiff's Motion to Amend [19-1] should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, Plaintiff's Motion to Dismiss filed on June 21, 2007 [14-1], pursuant to Federal Rule of Civil Procedure 12(b)(6), should be and is hereby **DENIED** without prejudice to Plaintiff's right to reassert**.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons cited herein, Defendant's Motion to Amend its Answer and Counterclaim, filed July 9, 2007 [19-1], should be and is hereby **GRANTED**, and that Defendant shall file its Amended Answer and Counterclaim, if any, on or before March 17, 2008.

**SO ORDERED AND ADJUDGED**, this the 6th day of March, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE