### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BELFOR USA GROUP, INC.** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 1:07CV586-HSO-JMR** |
| | § | |
| **IMPERIAL DRYWALL, LLC** | § | **DEFENDANT** |
| | § | |
| | § | |
| **IMPERIAL DRYWALL, LLC** | § | **COUNTER-CLAIMANT** |
| | § | |
| **v.** | § | |
| | § | |
| **BELFOR USA GROUP, INC.** | § | **COUNTER-DEFENDANT** |

### ORDER AND REASONS GRANTING IN PART AND
### DENYING IN PART PLAINTIFF'S MOTION TO DISMISS

BEFORE THE COURT is Plaintiff/Counter-Defendant Belfor USA Group,

Inc.'s ["Belfor"], Motion to Dismiss [48-1], filed on May 1, 2008, which seeks

dismissal of Defendant/Counter-Claimant Imperial Drywall, LLC's ["Imperial"],

Amended Counterclaim [47-1], in the above-captioned cause.  Imperial filed a

Response in Opposition to Belfor's Motion to Dismiss on June 2, 2008 [51-1], which

consisted solely of incorporating by reference its earlier Response [17-1] to Belfor's

first Motion to Dismiss [14-1] its original Counterclaim.  This first Response was

filed on July 9, 2007.  Belfor filed a Rebuttal on June 11, 2008 [52-1].  After

consideration of the parties' submissions, the record, and the relevant legal

authorities, and for the reasons discussed below, the Court finds that Belfor's

Motion to Dismiss [48-1] should be granted in part and denied in part.

### I. FACTS AND PROCEDURAL HISTORY

Belfor initiated this lawsuit on April 27, 2007.  The dispute stems from a

purported subcontractor agreement involving the restoration of condominiums damaged by Hurricane Katrina.  *See* Compl., at ¶ 4.  In its original Answer [12-1], Imperial asserted a Counterclaim against Belfor alleging, among other things, that Belfor had slandered Imperial and breached the subcontract, entitling Imperial to actual and consequential damages.  Belfor filed a Motion to Dismiss [14-1] the Counterclaim on June 21, 2007.  Imperial responded with a Motion to Amend [20-1] the Answer and Counterclaim on July 9, 2007.

After these two Motions were fully briefed, Imperial's attorneys moved to withdraw from the case on August 17, 2007 [28-1].  Their Motion to Withdraw was granted by Text Order on October 3, 2007, and Imperial was given thirty days in which to inform the Court of its selection of new counsel.  Imperial sought and received several extensions of time to obtain counsel, and was ultimately given a deadline of January 23, 2008, to retain an attorney.  *See* Text Order of January 7, 2008.  When Imperial had not informed the Court of its retention of any new counsel as of February 1, 2008, Belfor filed Motions to Dismiss [35-1] and to Strike [37-1], and sought a default judgment against Imperial for failure to comply with the Court's Orders.  Imperial's current counsel made his appearance on March 3, 2008 [43-1], and the Court denied Belfor's Motions to Dismiss [35-1] and to Strike [37-1] as moot by Text Order on March 4, 2008.

By Order [44-1] dated March 6, 2008, the Court then denied without prejudice Belfor's Motion to Dismiss [14-1] the Counterclaim and granted Imperial's Motion to Amend its Answer and Counterclaim [19-1].  In this Order, the Court

instructed Imperial to file its Amended Answer and Counterclaim, if any, on or before March 17, 2008.  *See* Order of March 6, 2008, at p. 4.  On March 27, 2008, Imperial filed a Motion for Extension of Time [46-1] seeking an additional thirty (30) days in which to file the Amended Answer and Counterclaim, which the Court granted by Text Order on March 28, 2008.  In short, the record is clear that the Court has given Imperial ample opportunity to state its Counterclaim against Belfor.

Imperial filed its Amended Answer and Counterclaim [47-1] on April 14, 2008.  This pleading is nearly identical to Imperial's original Answer and Counterclaim [12-1].  Belfor now seeks dismissal of Imperial's Amended Counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Mem. in Supp. of Mot. to Dismiss, p. 1.

## II. DISCUSSION

Belfor maintains that, after being granted leave to amend its Counterclaim to cure its deficiencies, Imperial "has again failed to plead the requisite facts necessary to survive dismissal of its claims for slander and consequential damages." Mem. in Supp. of Mot. to Dismiss, at p. 4.  Belfor requests dismissal of the Amended Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Imperial responds that its Counterclaim adequately provides notice of its claims pursuant to Federal Rule of Civil Procedure 8(a) and *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (U.S. 2007). *See* Mem. in Supp. of Resp. to Mot. to Dismiss, at pp. 2-3.

Federal Rule of Civil Procedure 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, Imperial must plead "enough facts to state a claim for relief that is plausible on its face." *See id.* at 1974.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...a plaintiff's obligation to provide the "grounds" of his "'entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....

*Id.* at 1964-65 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The Amended Counterclaim in this case asserts a breach of contract claim for allegedly unpaid invoices with a demand for actual and consequential damages, and a slander a claim containing a request for punitive damages. *See* Am. Answer and Countercl., at p. 8.

A.      Breach of Contract and Consequential Damages Claims

In a diversity case, such as this one, the Court must apply state substantive law.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007).  The elements of a breach of contract claim under Mississippi law are (1) the existence of a valid and binding contract; (2) that a defendant has breached; and (3) that the plaintiff has been thereby damaged monetarily.  *See Favre Prop. Mgmt., LLC v. Cinque Bambini*, 863 So. 2d 1037, 1044 (Miss. Ct. App. 2004).  In its Amended Counterclaim, Imperial alleges that it entered into a Work Agreement with Belfor for repair to 70 units at the Gulf Oaks Condominiums in Ocean Springs, Mississippi.  *See* Am. Answer and Countercl., at p. 7.  Imperial contends that Belfor "short paid" invoices, withheld a ten percent (10%) retainage from all payments due, improperly terminated the Work Agreement, and refused payment for work done prior to the termination, thereby damaging Imperial monetarily.  *See id.* at pp. 7-8.

Imperial maintains that due to Belfor's breach of the Work Agreement, it has experienced lost profits of approximately $50,000.00 in Mississippi and $350,000.00 for other work in South Carolina, and that it has incurred consequential damages totaling $105,000.00.  Mississippi courts allow parties to recover consequential damages in the nature of lost profits.  *See Southeastern Medical Supply, Inc. v. Boyles, Moak & Brickell Ins. Co.*, 822 So. 2d 323, 328 (Miss. Ct. App. 2002).  "The standard applied in considering

consequential damages in the nature of lost profits is one of 'reasonable certainty.'" *Id.* (*citing Lovett v. E.L. Garner, Inc.*, 511 So. 2d 1346, 1353 (Miss. 1987); *Missouri Bag Co. v. Chemical Delinting Co.*, 58 So. 2d 71, 76 (1952)). The Mississippi Court of Appeals has explained that "[t]his standard requires that both the existence of lost profits damages as well as the showing that the cause of the lost profits is due to the breach must be shown with reasonable certainty." *Southeastern Medical Supply*, 822 So. 2d at 328 (*citing Missouri Bag Co.*, 58 So.2d at 78).

The Court notes that Imperial has not pled its breach of contract or consequential damages claims with a great deal of specificity, and the Court agrees that these claims are rather vague and may later prove insufficient to survive a motion for summary judgment.  However, the Court finds that Imperial has met the threshold by which it must evaluate the Counterclaim for the breach of contract and consequential damages claims pursuant to Rules 8(a) and 12(b)(6).  Imperial has adduced sufficient facts supporting its claims for breach of contract and consequential damages in order to survive dismissal at this stage of the proceedings, and therefore Belfor's Motion to Dismiss will be denied as to these claims.

B.     Slander and Punitive Damages Claims

From a plain reading of Imperial's Amended Counterclaim, it is clear that its claims for slander and punitive damages are interrelated.  *See* Am. Answer and Countercl. at p. 8.  There are four elements to a defamation

claim in Mississippi:  (1) a false and defamatory statement concerning a plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability irrespective of special harm or existence of special harm caused by the publication.  *See Richard v. Supervalu, Inc.*, 974 So. 2d 944, 949 (Miss. Ct. App. 2008) (*citing Armistead v. Minor,* 815 So. 2d 1189, 1193 (Miss. 2002)).

Despite being given ample opportunity to do so, Imperial has not identified any statement or statements, either paraphrased or verbatim, that allegedly constitute slander, nor has Imperial identified by whom any such purported statements where made, to whom they were directed, or how they were slanderous.  As the Mississippi Court of Appeals has explained when applying the substantially identical Mississippi Rule of Civil Procedure 8, "[w]ithout setting forth any information in the complaint regarding the statements, to whom the statements were directed, by whom the statements were made, and how the statements were slanderous, the allegation that appellees made 'slanderous statements' constitutes a bare legal conclusion with no support in the complaint." *Chalk v. Bertholf*, 980 So. 2d 290, 298 (Miss. Ct. App. 2007).  The Court is of the opinion that Imperial has not alleged sufficient facts to support its claims for slander, which include the punitive damages demand, in order to survive dismissal.

While the Court notes that it has discretion to allow amendments and that Federal Rule of Civil Procedure 15(a) provides that leave to amend a

party's pleading "shall be freely given when justice so requires," FED. R. CIV.

P. 15(a)(2), the Court is of the opinion that Imperial has already been given

sufficient opportunities to adequately state its slander claim, and has been

unable to do so. The Fifth Circuit has articulated five considerations in

determining whether to grant a party leave to amend a complaint: 1) undue

delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies

by previous amendments; 4) undue prejudice to the opposing party; and 5)

futility of the amendment. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th

Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.

2003) (internal citation omitted)).

In this case, Imperial has already been given an opportunity to cure

the deficiencies in its Counterclaim, and after many delays in this case

occasioned by Imperial prior to its retaining its current counsel, Imperial

then filed an Amended Answer and Counterclaim which is nearly identical to

its original one. The deadline for filing amended pleadings has passed, and

the Court is of the opinion that Belfor would be unduly prejudiced if Imperial

were allowed to amend its pleadings once again. Therefore, to the extent that

Imperial may be requesting or will request to amend its Answer and

Counterclaim, the Court is of the opinion that this request should, and will,

be denied.

### III. CONCLUSION

The Court has considered Belfor's Motion to Dismiss the Amended

Counterclaim and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, Belfor's Motion to Dismiss [48-1] must be granted in part and denied in part.

  **IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, Belfor's Motion to Dismiss filed on May 1, 2008 [48-1], pursuant to Federal Rule of Civil Procedure 12(b)(6), should be and is hereby **GRANTED IN PART** as to Imperial's Counterclaims for slander and punitive damages, and these claims should be and are hereby **DISMISSED.**

  **IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons cited herein, Belfor's Motion to Dismiss filed on May 1, 2008 [48-1], pursuant to Federal Rule of Civil Procedure 12(b)(6), should be and is hereby **DENIED IN PART** as to Imperial's Counterclaims for breach of contract and actual and consequential damages.

  **SO ORDERED AND ADJUDGED**, this the 3rd day of July, 2008.

       *s/ Halil Suleyman Ozerden*
       HALIL SULEYMAN OZERDEN
       UNITED STATES DISTRICT JUDGE