# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BELFOR USA GROUP, INC.** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:07CV586-HSO-JMR |
| | § | |
| **IMPERIAL DRYWALL, LLC** | § | **DEFENDANT** |
| | § | |
| | § | |
| **IMPERIAL DRYWALL, LLC** | § | **COUNTER-CLAIMANT** |
| | § | |
| v. | § | |
| | § | |
| **BELFOR USA GROUP, INC.** | § | **COUNTER-DEFENDANT** |

## ORDER AND REASONS GRANTING BELFOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING BELFOR'S MOTION TO STRIKE IMPERIAL'S EXPERT DESIGNATION

BEFORE THE COURT are the Motions of Plaintiff/Counter-Defendant Belfor USA Group, Inc. ["Belfor"] for Partial Summary Judgment [72-1] and to Strike Defendant's Expert Designation [74-1], both filed on December 31, 2008. The Motion for Partial Summary Judgment seeks dismissal of Defendant/Counter-Claimant Imperial Drywall, LLC's ["Imperial"], claims for extra-contractual damages asserted in its Amended Counterclaim [47-1]. Imperial has filed a Response [78-1] to Belfor's Motion for Partial Summary Judgment, and Belfor has filed a Rebuttal [80-1]. Imperial has not filed any response to Belfor's Motion to Strike, but Belfor has filed a Rebuttal [79-1]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Belfor's Motions for Partial Summary

Judgment [72-1] and to Strike Defendant's Expert Designation [74-1] are well taken, and should be granted.

## I. FACTS AND PROCEDURAL HISTORY

This dispute stems from a purported subcontractor agreement involving the restoration of condominiums in Ocean Springs, Mississippi, which were damaged by Hurricane Katrina. *See* Compl., at ¶ 4. "Belfor was hired by Gulf Oaks Condominium Association ('Gulf Oaks') as a general contractor to remediate and restore numerous individually owned condominiums managed by Gulf Oaks that were damaged by Hurricane Katrina." Compl., at p. 2. Pursuant to a Master Agreement between the two parties to this litigation, *see* Master Agreement, attached as Ex. "B" to Mot. for Partial Summ. J., Belfor and Imperial executed a Work Agreement on or about May 18, 2006, whereby Belfor subcontracted drywall work at Gulf Oaks to Imperial, at an agreed contract price of $313,000.00, *see* Work Agreement, attached as Ex. "A" to Mot. for Partial Summ. J.; *see also* Compl., at p. 2; Am. Answer and Countercl., at pp. 1-2.

Belfor initiated this lawsuit on April 27, 2007. After numerous delays in this case, Imperial filed an Amended Answer and Counterclaim [47-1] on April 14, 2008. Imperial asserted a breach of contract claim against Belfor for allegedly unpaid invoices, along with a demand for actual and consequential damages and a slander claim containing a request for punitive damages. *See* Am. Answer and Countercl., at p. 8. Belfor filed a Motion to Dismiss [48-1] the Amended Counterclaim on May 1, 2008. The Court granted in part and denied in part Belfor's Motion, and

dismissed Imperial's Counterclaims for slander and punitive damages. *See* Order of July 3, 2008 [53-1], at p. 9.

## II.  DISCUSSION

A.  <u>Belfor's Motion for Partial Summary Judgment</u>

   1.  <u>Summary Judgment Standard</u>

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *Id.* (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v.*

*Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson*, 477 U.S. at 249. The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Gaddis v. Smith & Nephew, Inc.*, 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

2. <u>Analysis</u>

Belfor seeks dismissal of Imperial's Counterclaim as it relates to extra-contractual damages. *See* Mot. for Partial Summ. J., at p. 1. Belfor contends that Imperial's claims of $350,000.00 in lost profits, $105,000.00 in consequential damages, and an additional $50,000.00 in lost profits from the Gulf Oaks project, are based on nothing more than sheer speculation, which cannot support recovery. *See* Mem. in Supp. of Mot. for Partial Summ. J., at pp. 4-5. Belfor also argues that it does not owe Imperial an asserted $15,000.00 penalty for an alleged delay of 150 days in the Gulf Oaks project, as this amount is not recoverable under Mississippi law. *See id.*, at pp. 11-13.

a. <u>Lost Profits and Consequential Damages</u>

In its Counterclaim, Imperial maintains that it entered into a Work Agreement with Belfor to repair 70 units at the Gulf Oaks Condominiums. *See* Am. Answer and Countercl., at p. 7. Imperial contends that Belfor "short paid" invoices, withheld a ten percent (10%) retainage from all payments due, improperly terminated the Work Agreement, and refused payment for work performed prior to the termination, thereby damaging Imperial monetarily. *See id.* at pp. 7-8. Imperial alleges that, due to Belfor's breach, it has experienced lost profits of approximately $50,000.00 on the Gulf Oaks project, plus another $350,000.00 for other work in South Carolina, and that it has incurred additional consequential damages of $105,000.00. *See id.*

In a diversity case such as this one, the Court must apply state substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007). Mississippi courts allow parties to recover consequential damages in the nature of lost profits. *See Southeastern Medical Supply, Inc. v. Boyles, Moak & Brickell Ins. Co.*, 822 So. 2d 323, 328 (Miss. Ct. App. 2002). "The standard applied in considering consequential damages in the nature of lost profits is one of 'reasonable certainty.'" *Id.* (*citing Lovett v. E.L. Garner, Inc.*, 511 So. 2d 1346, 1353 (Miss. 1987); *Missouri Bag Co. v. Chemical Delinting Co.*, 58 So. 2d 71, 76 (1952)). The Mississippi Court of Appeals has explained that "[t]his standard requires that both the existence of lost profits damages as well as the showing that the cause of the lost profits is due to the

breach must be shown with reasonable certainty." *Southeastern Medical Supply*, 822 So. 2d at 328 (*citing Missouri Bag Co.*, 58 So. 2d at 78).

In *Southeastern Medical Supply*, the Mississippi Court of Appeals affirmed the lower court's grant of summary judgment on lost profits damages. The Court decided that "not only does the evidence submitted fail to create a proximate cause linking any action or inaction taken by [plaintiff] to the lost profits suffered by [defendant], but this evidence is also too speculative to support any claim for lost profits." *Id.*; *see also Wall v. Swilley*, 562 So. 2d 1252, 1256 (Miss. 1990) (holding that "[w]hatever the measure of damages, they may be recovered only where and to the extent that the evidence removes their quantum from the realm of speculation and conjecture and transports it through the twilight zone and into the daylight of reasonable certainty.").

Based upon a thorough review of the record, the only purported evidence submitted in this case of lost profits and consequential damages are the bare assertions and speculation of Mr. King, Imperial's owner. These conclusory allegations are too speculative to support any claim for lost profits or other consequential damages, and are insufficient to survive summary judgment. *See Southeastern Medical Supply*, 822 So. 2d at 328; *Wall*, 562 So. 2d at 1256; *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (holding in a discrimination context that self-serving subjective beliefs cannot survive summary judgment). Summary judgment on these claims is therefore appropriate.

b. <u>Penalty</u>

Belfor asserts that Imperial's claim for a $150,000.00 penalty should be dismissed. *See* Mem. in Supp. of Mot. for Partial Summ. J., at pp. 11-13. In a March 27, 2007, facsimile, Imperial sought this penalty for an alleged delay of 150 days in the Gulf Oaks project. *See id.* at p. 12. Subsequently, in its August 20, 2008, Answer to Request for Admissions, Imperial admitted that neither the Work Agreement nor the Master Agreement contained a provision allowing Imperial to impose a penalty on Belfor for delay in the Gulf Oaks project. *See id.* (*quoting* Answer to Request for Admissions, at pp. 1-2, attached as Ex. "I" to Mot. for Partial Summ. J.). Imperial's owner testified similarly in his Rule 30(b)(6) deposition. *See id.* at p. 13 (*quoting* Part II of Imperial Dep., at p. 47, attached as Ex. "F" to Mot. for Partial Summ. J.).

"It is firmly established in Mississippi law that evidence or testimony which would alter or vary the terms of the written contract will be inadmissible as parol evidence." *Humphreys County v. Guy Jones, Jr. Const. Co.*, 910 So. 2d 1129, 1134 (Miss. Ct. App. 2005) (*citing E.R. Frazier Automatic Sprinkler Co. v. Merchants' Wholesale Grocery Co.*, 118 So. 416 (Miss. 1928)). A plain reading of both the Work Agreement and Master Agreement reveals no penalty provision to support Imperial's position. *See* Work Agreement, attached as Ex. "A" to Mot. for Partial Summ. J.; Master Agreement, attached as Ex. "B" to Mot. for Partial Summ. J. In fact, Imperial admits that there is no contractual basis for this claim. Therefore, summary judgment is appropriate with respect to the $15,000.00 penalty claim.

B. Belfor's Motion to Strike

Belfor asks the Court to strike the proffered testimony of both Albert Montemayor ["Montemayor"] and Guy Bernardo ["Bernardo"], experts purportedly designated by Imperial to testify at trial. Belfor contends that Imperial failed to comply with Federal Rule of Civil Procedure 26, and that these experts should not be permitted to testify as a sanction under Rule 37(c). *See* Mem. in Supp. of Mot. to Strike, at p. 1. Imperial has not responded to Belfor's Motion to Strike.

After a status conference held in this case on March 19, 2008, Chief United States Magistrate Judge John M. Roper extended various deadlines, including Imperial's deadline for designating experts, which was extended to September 15, 2008. *See* Minute Entry on March 19, 2008. Imperial designated Montemayor as an expert on September 18, 2008, three (3) days late. *See* Imperial's Designation of Experts [58-1], at p. 1. Montemayor's designation supplied nothing more than his address, and stated that he was a "Drywall Expert." *See id.*

In its December 12, 2008, Responses to Interrogatories, Imperial revealed, apparently for the first time, that it may call Bernardo, in addition to Montemayor, as an expert. Imperial stated that Bernardo had knowledge of the construction industry. *See* Imperial's Responses to Interrogatories, attached as Ex. "A" to Mot. to Strike.[1] This attempted designation was well beyond the deadline for designating experts, and after the December 10, 2008, discovery deadline.

---

[1] The Court notes that Imperial's interrogatory responses were served over a month after the November 3, 2008, due date for discovery responses imposed by the Court's Text Order of October 21, 2008, which granted Belfor's [59-1] Motion to Compel. *See* Text Order of Oct. 21, 2008.

The designations of Montemayor and Bernardo were clearly untimely. While Uniform Local Rule 26.1(A)(2)(e) does provide that "[a] party is required to supplement an expert's opinion in accordance with Fed. R. Civ. P. 26(e)," Uniform Local Rule 26.1(A)(2)(c) states, in relevant part, that "[t]he court will allow the subsequent designation and/or discovery of expert witnesses only upon a showing of good cause." Imperial has not responded to Belfor's Motion and has not made a sufficient showing of good cause as to why the Court should permit a designation of these new expert witnesses after the deadline.

Moreover, the disclosures were clearly insufficient under the Rules. There were apparently no written reports prepared by Montemayor or Bernardo, as required by Federal Rule of Civil Procedure 26(a)(2)(B). This Rule requires the expert disclosure to include a written report prepared and signed by the expert, which must contain:

- (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
- (ii) the data or other information considered by the witness in forming them;
- (iii) any exhibits that will be used to summarize or support them;
- (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
- (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
- (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

None of this information has been supplied with respect to either expert. Pursuant to Uniform Local Rule 26.1(A)(2)(b), "[a]n attempt to designate an expert

-9-

without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court."

After considering the designations of these experts and the record as a whole, it is clear that the designations of Montemayor and Bernardo were untimely. Additionally, because neither purported designation comported with the requirements of Rule 26, the Court is of the opinion that Belfor's Motion to Strike should be granted, pursuant to Uniform Local Rule 26.1(A)(2)(b).[2]

### III. CONCLUSION

The Court has considered Belfor's Motions for Partial Summary Judgment and to Strike Defendant's Expert Designation and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, both Belfor's Motion for Partial Summary Judgment [72-1] and Belfor's Motion to Strike Defendant's Expert Designation [74-1] are well taken, and should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, Belfor's Motion for Partial Summary Judgment [72-1] filed December 31, 2008, is hereby **GRANTED**, and Imperial's claims for extra-contractual damages contained in its Counterclaim should be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons

---

[2] Additionally, Uniform Local Rule 7.2(C)(2) provides that "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed." Alternatively, the Court grants the Motion to Strike on this basis.

cited herein, Belfor's Motion to Strike Defendant's Expert Designation [74-1] filed December 31, 2008, should be and is hereby **GRANTED**, and Albert Montemayor and Guy Bernardo are precluded from testifying at trial as expert witnesses.

**SO ORDERED AND ADJUDGED**, this the 18th day of February, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE