# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BELFOR USA GROUP, INC.** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:07CV586-HSO-JMR |
| | § | |
| **IMPERIAL DRYWALL, LLC** | § | **DEFENDANT** |
| | § | |
| | § | |
| **IMPERIAL DRYWALL, LLC** | § | **COUNTER-CLAIMANT** |
| | § | |
| v. | § | |
| | § | |
| **BELFOR USA GROUP, INC.** | § | **COUNTER-DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S OMNIBUS MOTION IN LIMINE

BEFORE THE COURT is the Omnibus Motion *in Limine* [83-1] filed by Plaintiff Belfor USA Group, Inc. ["Belfor"], in the above-captioned cause on March 26, 2009. Defendant Imperial Drywall, LLC ["Imperial"], has filed a Response [88-1], and Belfor has filed a Reply [91-1]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Belfor's Omnibus Motion *in Limine* [83-1] should be granted.

Belfor seeks to exclude from the trial in this case (A) evidence of purported bribes Imperial alleges to have paid Belfor employees; (B) evidence regarding any alleged unlawful labor practices of Belfor; (C) pleas by Imperial to the jury to "send a message" or act as "the conscience of the community"; (D) any reference to, or evidence, testimony, or argument concerning, Belfor's financial condition or net worth; and (E) any reference to, or evidence, testimony, or argument concerning, any request by Belfor

to exclude certain evidence. *See* Pl.'s Mem. in Supp. of its Omnibus Mot. *in Limine*, at pp. 2-4. In its Response, Imperial states that it has no objection to the relief requested in paragraphs (B), (C), (D), and (E) of Belfor's Motion. *See* Def.'s Resp., at p. 1. With respect to paragraph (A), Imperial contends that partial consideration for its acquiring the contract for the project in question was payment to Belfor employees in exchange for the contract. *See id.* Imperial therefore argues that any evidence of purported bribes paid to Belfor employees is relevant and admissible. *See id.*

The Court is of the opinion that, because Imperial does not object to the relief requested in paragraphs (B), (C), (D), and (E) of Belfor's Motion, it should be granted as to those items. As for paragraph (A), as Belfor notes in its Reply, neither party alleges that the contracts at issue in this case should be voided or invalidated for lack of consideration, fraud, or illegality. *See* Pl.'s Reply, at p. 2. The Court is of the opinion that evidence regarding the formation of the contract is not relevant to the issues presented in this case, and is therefore inadmissible. *See* Fed. R. Evid. 401, 402. Even if relevant, the Court finds that this evidence would also be unduly prejudicial, misleading, and confusing to a jury, and is of little to no probative value to the claims remaining in this case. *See* Fed. R. Evid. 403. Belfor's Omnibus Motion *in Limine* will therefore be granted, and Imperial shall make no reference to any alleged bribes during the trial.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Belfor USA Group, Inc.'s, Omnibus Motion *in Limine* [83-1] should be and is hereby **GRANTED**, and any evidence of purported bribes Imperial alleges to have paid Belfor

employees, any evidence regarding any alleged unlawful labor practices of Belfor, any pleas by Imperial to the jury to "send a message" or act as "the conscience of the community," any reference to, or evidence, testimony, or argument concerning, Belfor's financial condition or net worth, and any reference to, or evidence, testimony, or argument concerning, any request by Belfor to exclude certain evidence, shall be excluded at trial.

**SO ORDERED AND ADJUDGED**, this the 3rd day of April, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE