**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BELFOR USA GROUP, INC.** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 1:07CV586-HSO-JMR** |
| | § | |
| **IMPERIAL DRYWALL, LLC** | § | **DEFENDANT** |
| | § | |
| | § | |
| **IMPERIAL DRYWALL, LLC** | § | **COUNTER-CLAIMANT** |
| | § | |
| **v.** | § | |
| | § | |
| **BELFOR USA GROUP, INC.** | § | **COUNTER-DEFENDANT** |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW, OR ALTERNATIVELY, FOR A NEW TRIAL, OR FOR A REMITTITUR

BEFORE THE COURT is Plaintiff Belfor USA Group, Inc.'s ["Belfor"],

Motion for Judgment as a Matter of Law, or Alternatively, for a New Trial, or for a

Remittitur [105], filed April 24, 2009, in the above-captioned cause. Defendant

Imperial Drywall ["Imperial"] has filed a Response [110], and Belfor a Reply [115].

After consideration of the submissions and the relevant legal authorities, the Court

finds that the Motion [105] should be denied.

## I. FACTS AND PROCEDURAL HISTORY

This cause came on before the Court on April 8 through 10, 2009, for trial

before a jury. This case stems from a contract dispute involving the restoration of

the Gulf Oaks Condominiums in Ocean Springs, Mississippi, which were damaged

by Hurricane Katrina. Belfor initiated this lawsuit on April 27, 2007, alleging that

Imperial falsely and knowingly served a Stop Notice on the Gulf Oaks

Condominium Association, in violation of section 85-7-201 of the Mississippi Code. *See* Compl., at pp. 7-8. In Imperial's Amended Answer and Counterclaim [47], it asserted a breach of contract claim against Belfor for unpaid invoices, along with a demand for actual and consequential damages, and a slander claim containing a request for punitive damages. *See* Am. Answer and Countercl., at p. 8. The Court dismissed Imperial's Counterclaims for slander and punitive damages prior to trial, *see* Order entered July 3, 2008 [53], at p. 9, and determined that Imperial could not recover extra-contractual damages, *see* Order entered February 18, 2009 [81], at p. 10.

On April 10, 2009, the jury reached its unanimous verdict finding that Imperial Drywall did not falsely and knowingly file the Stop Notice without just cause, and that Belfor breached the Work Agreement and/or the Master Subcontractor Agreement with Imperial. The jury awarded Belfor compensatory damages of $47,000.00. *See* Final Judgment [102], at p. 2.

## II. DISCUSSION

### A. Applicable Legal Standards

"A motion for judgment as a matter of law (previously, motion for directed verdict or J.N.O.V.) in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Allstate Ins. Co. v. Receivable Finance Co., L.L.C.*, 501 F.3d 398, 405 (5th Cir. 2007) (*citing Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995)). Such a motion should be granted if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find

for the party on that issue." Fed. R. Civ. P. 50(a)(1). The Court should grant a post-judgment motion for judgment as a matter of law only when "the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict." *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 486 (5th Cir. 2004) (*citing Thomas v. Texas Dep't of Criminal Justice*, 220 F.3d 389, 392 (5th Cir. 2000)).

Belfor alternatively seeks a new trial or remittitur. "The court may, on motion, grant a new trial on all or some of the issues–and to any party– . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court...." Fed. R. Civ. P. 59(a)(1). "A new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989) (*citing Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985)). Belfor contends that the verdict was against the weight of evidence and that the jury was influenced by Danny King's "tearful testimony about the unfortunate death of his step-father near the time of his company's termination from the Gulf Oaks project." Pl.'s Mem. in Supp. of its Mot., at p. 23.

"If the new trial is granted on evidentiary grounds, the jury's verdict must be 'against the great–not merely the greater–weight of the evidence." *Scott,* 868 F.2d at 789 (*quoting Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 362 (per curiam) (5th Cir. 1980)). If asserted prejudice is the basis of the motion, "[c]ourts do

not grant new trials unless it is reasonably clear that prejudicial error has crept

into the record or that substantial justice has not been done, and the burden of

showing harmful error rests on the party seeking new trial." *Sibley v. Lemarie*, 184

F.3d 481, 487 (5th Cir. 1999) (*quoting Del Rio Distributing, Inc. v. Adolph Coors

Co.,* 589 F.2d 176, 179 n.3 (5th Cir. 1979)).

> Section 11-1-55 of the Mississippi Code provides that

> [t]he supreme court or any other court of record in a case in which money
> damages were awarded may overrule a motion for new trial or affirm on
> direct or cross appeal, upon condition of an additur or remittitur, if the
> court finds that the damages are excessive or inadequate for the reason
> that the jury or trier of the facts was influenced by bias, prejudice, or
> passion, or that the damages awarded were contrary to the overwhelming
> weight of credible evidence. . . .

Miss. Code Ann. § 11-1-55 (1972).

Where a party challenges a jury verdict as being against the overwhelming

weight of the evidence or the product of bias, prejudice or improper passion, the

Mississippi Supreme Court shows great deference to the jury verdict by resolving

all conflicts in the evidence, and drawing every permissible inference from the

evidence, in the non-moving party's favor. *See Wal-Mart Stores, Inc. v. Johnson*,

807 So. 2d 382, 389 (Miss. 2001). That Court has explained that whether a jury

award is excessive is determined on a case-by-case basis, and that it "will not

disturb a jury's award of damages unless its size, in comparison to the actual

amount damage, shocks the conscience." *Entergy Miss., Inc. v. Bolden*, 854 So. 2d

1051, 1058 (Miss. 2003) (internal citations omitted).

B.    Analysis

1.    Sufficiency of Evidence

Belfor contends that "Imperial Drywall did not present evidence necessary to satisfy the requisite burden of proof to recover on its breach of contract claim against [it]."  Pl.'s Mem. in Supp. of its Mot., at p. 10.  Belfor maintains that "there is no legally sufficient evidentiary basis for a reasonable jury to find for Imperial Drywall on its breach of contract claim."  *Id.* at pp. 10-11.

Imperial Drywall counters that, if Belfor's Motion is founded upon Federal Rule of Civil Procedure 50, the "Motion is defective" because it does not recite or allege that Imperial Drywall made a motion for judgment as a matter of law "at any time before submission of the case to the jury," or "at the close of all evidence," that Belfor fails to specify the grounds for relief sought in any prerequisite motion, and that Belfor has consequently waived Rule 50 relief.  Resp., at p. 2 (*quoting* Fed. R. Civ. P. 50).

If Belfor's Motion sounds in Rule 59, Imperial Drywall argues that the Motion should be denied because Belfor has not shown that a miscarriage of justice will necessarily result if the jury's verdict stands.  *See id.* at pp. 2-3.  Imperial Drywall also maintains that there was sufficient evidence presented for the jury to find that Belfor breached the contract.  *See* Def.'s Mem. in Supp. of its Resp., at pp. 3-5.  Imperial Drywall argues that Belfor's Motion should be denied because it has presented no evidence showing any jury bias, passion, prejudice, disqualification, corruption, or any other improper behavior by the jury in this case, nor showing

that the jury disobeyed the Court's instructions to it. *See id.* at pp. 1-2.

"It is well-settled in this circuit that a motion for JMOL filed post verdict cannot assert a ground that was not included in the motion for JMOL made at the close of the evidence." *Smith v. Louisville Ladder Co.*, 237 F.3d 515, 525 (5th Cir. 2001) (internal citations omitted). In this case, while Belfor did not specifically cite any pre-verdict motion for judgment as a matter of law, it did make such an *ore tenus* motion at the close of Imperial Drywall's case-in-chief on its Counterclaim. In the Court's view, Belfor has not waived its right to renew its Motion post-verdict.[1]

Considering the merits of Belfor's argument under the Rule 50 standard, it is the opinion of the Court that there was sufficient evidence to support the jury's verdict as to both a breach of contract and the damages award, and that Belfor's request for judgment as a matter of law should be denied. Danny King testified that Imperial Drywall had completed a larger percentage of work under the contract than that for which it had been paid, and that Belfor had "shorted" Imperial Drywall on the payment of invoices. To the extent Belfor argues that Mr. King's testimony regarding change orders was contradictory to the written contract in this case, Mr. King testified that Imperial Drywall had not received written change orders from Belfor on this or previous jobs, nor had Belfor required backup documentation. He further testified that Belfor nevertheless paid Imperial Drywall

---

[1] The Court notes that Rule 50(b) was amended in 2006 "to permit renewal of any Rule 50(a) motion for judgment as a matter of law, deleting the requirement that a motion be made at the close of all evidence." Fed. R. Civ. P. 50 Advisory Committee's Note. However, the Rule 50(b) motion is only a renewal of a pre-verdict motion. *See id.*

for that work.

The Court finds that sufficient evidence was introduced at trial to support the jury's verdict that Belfor breached the contract and that Imperial Drywall suffered the damages awarded as a result. Simply put, as Belfor's counsel expressed during his examination of Mr. King, the jury had to determine whether to take the word of Mr. King over that of Stewart Clark, Belfor's representative. The jury apparently believed Mr. King.

As for Belfor's alternative request for a new trial, the verdict in this case was not against the great weight of the evidence. *See Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980). Nor is the Court persuaded that the damages awarded in this case were contrary to the overwhelming weight of credible evidence, and it cannot say that the damages awarded were so large as to shock the conscience. *See* Miss. Code Ann. § 11-1-55 (1972); *Entergy Miss., Inc. v. Bolden*, 854 So. 2d 1051, 1058 (Miss. 2003) (internal citations omitted). Taking the evidence in the light most favorable to Imperial Drywall, the record contains sufficient evidence to justify the jury award of $47,000.00. Belfor's request for a remittitur on this basis should be denied. *See* Miss. Code Ann. § 11-1-55 (1972); *Bolden*, 854 So. 2d at 1058.

2.    Prejudice

Belfor contends that "[i]t is likely that the jury awarded $47,000.00 to Imperial Drywall because of sympathy for Danny King after his tearful testimony about the unfortunate death of his step-father near the time of his company's

termination from the Gulf Oaks project." Pl.'s Mem. in Supp. of its Mot., at p. 23.

The parties stipulated to the fact that Mr. King's stepfather died on February 13,

2007, and as part of that stipulation, Imperial Drywall withdrew Defense Exhibit

D-1, Mr. King's stepfather's death certificate. Throughout the litigation in this

matter, Belfor argued that Mr. King was not present at the Gulf Oaks project, while

Imperial Drywall countered that he was absent, in part, because he had to leave

Mississippi to attend his stepfather's funeral.

Belfor's counsel broached the subject of Mr. King's stepfather's death on

cross-examination, when counsel asked when Mr. King's last day was on the Gulf

Oaks job site. Mr. King displayed some emotion on the stand, and after a short

recess to permit Mr. King to compose himself, Belfor's counsel inquired as to

whether Mr. King had informed Belfor employees as to why and when he was

leaving the job site. *See* Trial Tr., at pp. 392-96. Belfor did not object to Mr. King's

response and requested no limiting instruction relating to Mr. King's testimony.[2]

After carefully reviewing the trial transcript and having observed the demeanor of

the witnesses and the jury during the trial, the Court is of the opinion that the jury

was not influenced by bias, prejudice, or passion in this case, and that the relief

sought by Belfor on this basis is not appropriate.

### III. CONCLUSION

The Court is of the opinion that the jury award in this case was not

---

[2] The Court notes both Plaintiff and Defendant in this case were corporate entities.

inconsistent with reasonable deliberation on the evidence.  Belfor has not

demonstrated that the verdict was unsupported by the evidence or against the great

weight of the evidence.  Nor has it shown sufficient evidence of bias, passion, and

prejudice on the part of the jury to justify entry of judgment as a matter of law, a

new trial, or a remittitur.  Belfor's Motion should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons

stated herein, Plaintiff Belfor USA Group, Inc.'s, Motion for Judgment as a Matter

of Law, or Alternatively, for a New Trial, or for a Remittitur [105], filed April 24,

2009, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 26th day of June, 2009.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE